IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 7, 2009

Charles R. Fulbruge III
Clerk

No. 08-20379
Summary Calender

JAMES CAVALIER

Plaintiff - Appellant

V.

CLEARLAKE REHABILITATION HOSPITAL, INC.

Defendant - Appellee

Appeal from the United States District Court
for the Southern District of Texas
No. 4:07-CV-678

Before DAVIS, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

James Cavalier appeals the district court's grant of summary judgment in favor of Clearlake Rehabilitation Hospital ("Clearlake"). Because we find that Cavalier has not produced sufficient evidence to survive summary judgment, we affirm.

Cavalier, an African-American man, is the former Director of Nursing at Clearlake. He claims to have been the victim of racial discrimination and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

harassment at the hands of Clearlake's then-Director of Quality Management, Belinda Simpson ("Simpson"), in violation of Title VII of the Civil Rights Act of 1964. Cavalier also asserts a claim of constructive discharge. Cavalier and Simpson both held supervisory positions, so that neither was subordinate to the other. Cavalier claims that Simpson harassed him in a "persistent, rude and racist" manner. Specifically, he alleges that Simpson often referred to him as "boy," once told him that she would "beat the tar off of him,"[1] bragged to others that she would get him fired, and repeatedly called him a "doofus" and a "dunce."

Cavalier filed one written complaint about Simpson's behavior, and claims to have made many verbal complaints to human resources and to his direct supervisor. After Cavalier filed his written complaint, Clearlake assigned Jeff Prince ("Prince") to investigate Cavalier's allegations. Prince concluded that no illegal harassment had taken place, but that Cavalier and Simpson did not have a productive working relationship. In an email, Prince advised Cavalier that Cavalier and Simpson should work together with human resources to repair their working relationship. Cavalier resigned from Clearlake one week later.

Cavalier initially filed this discrimination lawsuit in Texas state court. Clearlake removed to federal court and moved for summary judgment. The district court granted Clearlake's motion for summary judgment, and this appeal followed.

We review a district court's grant of summary judgment de novo, applying the same standards as the district court. Fabela v. Socorro Indep. Sch. Dist., 329 F.3d 409, 414 (5th Cir. 2003). Summary judgment is appropriate if the record shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). To avoid summary

---

[1] There is some dispute about this statement, both as to whether it was made at all and what was actually said. Simpson and other employees who were present at the time insist that, if Simpson said this, she actually said she would "beat the tar out of" Cavalier, not "off of" him.

judgment, the non-moving party must show more than conclusory allegations, unsubstantiated assertions, or speculation. Ramsey v. Henderson, 286 F.3d 264, 269 (5th Cir. 2002) (citing Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1429 (5th Cir. 1996)).

To establish a hostile working environment claim under Title VII, Cavalier must show that: 1) he belongs to a protected class; 2) he was subjected to unwelcome harassment; 3) the harassment was race-based; 4) the harassment affected a term, condition, or privilege of his employment; and 5) Clearlake knew or should have known of the harassment and failed to take prompt remedial action. Ramsey, 286 F.3d at 268. The district court found that Cavalier had satisfied the first three prongs of the test, but was unable to produce evidence to support the fourth prong.

Under the fourth prong, the harassment "must be 'sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.'" Id. (quoting Harris v. Forklift Sys, Inc., 510 U.S. 17, 21 (1993)). We also consider the following circumstances: "the frequency of the discriminatory conduct, its severity, whether it is physically threatening or humiliating (or whether it is a mere offensive utterance), and whether it unreasonably interferes with the victim's work performance." Id. However, "Title VII . . . is not a 'general civility code,' and 'simple teasing,' offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the 'terms and conditions of employment.'" Lauderdale v. Tex. Dep't of Criminal Justice, 512 F.3d 157, 163 (5th Cir. 2007) (quoting Faragher v. City of Boca Raton, 524 U.S. 775, 788 (1998)).

Cavalier alleges twelve specific instances of objectionable behavior. Viewing the facts favorably to Cavalier, only three of these instances can reasonably be tied to Cavalier's race: the "beat the tar off of him" comment and two occasions when Simpson called Cavalier "boy." The other nine alleged

incidents might cause offense or indicate strife between Cavalier and Simpson, but they are not evidence of race-based harassment. See Indest v. Freeman Decorating, Inc., 164 F.3d 258, 264 (5th Cir. 1999) (stating that "[d]iscourtesy or rudeness, offhand comments and isolated incidents (unless extremely serious) will not amount to discriminatory changes in terms and conditions of employment") (internal quotations omitted). Though Cavalier may believe that all twelve incidents were motivated by racial animus, subjective belief of racial motivation, without more, is not sufficient to show a hostile work environment. Since these three instances do not rise to the level of severity or pervasiveness required to show a hostile work environment, the district court correctly found that the fourth prong was not met.

However, assuming arguendo that Cavalier could meet the fourth prong, his claim also fails at the fifth prong. We have held that a supervisor's intervention into an employee conflict shows "immediate remedial action." Ramsey, 286 F.3d at 270. Here, Clearlake assigned a human resources investigator to look into Cavalier's written complaint, and the investigator offered resources to help Cavalier and Simpson resolve their differences. Further, one factor we have found dispositive is whether the employee "reasonably took advantage of corrective opportunities provided by the employer." Hockman v. Westward Commc'ns, LLC, 407 F.3d 317, 329 (5th Cir. 2004). Cavalier did not take advantage of any "corrective opportunities"—he quit one week after receiving Prince's email, without responding at all.

Cavalier also claims Simpson's conduct caused him to be constructively discharged. To prevail on a constructive discharge claim, the plaintiff must show that his working conditions "were so intolerable that a reasonable employee would feel compelled to resign." Faruki v. Parsons S.I.P., Inc., 123 F.3d 315, 319 (5th Cir. 1997). The plaintiff must demonstrate a greater severity or pervasiveness of harassment than the minimum required to prove a hostile

working environment.  Landgraf v. USI Film Prods., 98 F.2d 427, 430 (5th Cir. 1992).

Here, Cavalier's constructive discharge claim rests on the same evidence as his hostile work environment claim.  Therefore, because he has not alleged evidence sufficient to preclude summary judgment on the hostile work environment claim, he also cannot survive summary judgment on his constructive discharge claim.

For the above reasons, we AFFIRM the district court's order granting summary judgment.